[No. 12001.   Department One.   March 13, 1915.]

FRED MASER, *Appellant*, v. SIDNEY L. BRUNN, *Respondent*.[1]

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered January 3, 1914, upon findings in favor of the defendant, in an action by a third person to establish title to property held under attachment, tried to the court. Affirmed.

*M. H. Ingersoll*, for appellant.
*J. H. Templeton*, for respondent.

MOUNT, J.—In the year 1912, the respondent in this action, Sidney L. Brunn, and one J. F. Finnigan, were the owners of an automobile. Mr. Finnigan bought the interest of Mr. Brunn therein. In payment he delivered his promissory note for $150. When this note became due on September 15, 1912, demand was made for payment, and Finnigan refused to pay. Thereafter, on October 15, Mr. Brunn brought suit upon the note. The sheriff took possession of the automobile under a writ of attachment. Thereafter the appellant, Fred Maser, filed an affidavit with the sheriff under Rem. & Bal. Code, § 573 (P. C. 81 § 891), claiming to own the automobile. He also delivered a bond to the sheriff as provided for in that section. The sheriff thereupon surrendered the possession of the automobile to Mr. Maser. Thereafter Maser's claim of title to the automobile was tried to the court without a jury. During the progress of the trial, it appeared that Mr. Maser had transferred the automobile to one Ingersoll. At the conclusion of the evidence, the court found that Maser was not entitled to the relief sought, and entered a judgment against him and

[1]Reported in 146 Pac. 1044.

the sureties upon the bond for the amount due upon the note in the original action, viz., $202.90.

The principal issue upon the trial of the case was whether the transfer from Finnigan to Maser was a good faith transfer. This was a question entirely of fact, and the court, after hearing the evidence, concluded as above stated. We have examined the evidence, which is short, and conclude that there are facts and circumstances in the case from which the court might rightfully conclude that the transfer from Finnigan to Maser was not a good faith transaction.

The judgment is therefore affirmed.

MORRIS, C. J., PARKER, HOLCOMB, and CHADWICK, JJ., concur.